Citation Nr: 1443647 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 04-28 868 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a psychiatric disorder.


REPRESENTATION

Appellant represented by: Virginia A. Girard-Brady, Attorney


ATTORNEY FOR THE BOARD

M. Hannan, Counsel



INTRODUCTION

The Veteran appellant served on active duty in the United States Air Force from November 1977 to February 1979, when he received a hardship discharge. This case originally came before the Board of Veterans' Appeals (Board) on appeal from a June 2004 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma that, in part, denied the reopening of the appellant's claim of entitlement to service connection for a nervous disorder.

The Board denied the appellant's application to reopen his claim for service connection for a schizophreniform disorder in a January 2006 decision. The Veteran then appealed the Board's January 2006 decision to the United States Court of Appeals for Veterans Claims (Court) and, in an Order dated in July 2007, the Court vacated the Board's decision and remanded the case to the Board for proceedings consistent with the Joint Motion for Partial Remand (Joint Motion) filed in this case. The Board subsequently reopened the claim in a decision issued in March 2012; the service connection claim was remanded for additional development. The Board remanded the case again in January 2014. The case has now been returned to the Board for appellate review.

There is no paper claims file associated with the claim - only an electronic file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The United States Court of Appeals for Veterans Claims (Court) has held that a remand by the Court or the Board confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268 (1998). 

The January 2014 Board remand directives specifically stated that the RO was to readjudicate the claim after obtaining a medical opinion from a psychiatrist. If the benefit sought on appeal remained denied, a Supplemental Statement of the Case (SSOC) was to be issued. 

The record reflects that, while the RO did obtain a medical opinion, the RO failed to re-adjudicate the issue of entitlement to service connection for a psychiatric disorder. In addition, the evidence of record does not contain any SSOC dated after the March 2013 SSOC. Thus, there is a VA medical opinion that has not been addressed in an SSOC. See 38 C.F.R. §§ 19.31, 20.1304; Disabled American Veterans v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003).

In D'Aries v. Peake, 22 Vet. App. 97, 105 (2008), the Court held that there must be substantial compliance with the terms of a Board remand. Those requirements have not yet been fulfilled and the case, regrettably, must again be remanded. 

In light of the above considerations, the case is remanded for the following:

1. After undertaking all additional development suggested by the evidence, consider all of the evidence of record and re-adjudicate the appellant's psychiatric disorder claim. The readjudication must reflect consideration of all the evidence of record and be accomplished with application of all appropriate legal theories. 

2. If the benefit sought on appeal remains denied, the appellant and his attorney must be provided an appropriate supplemental statement of the case (SSOC). An appropriate period of time must be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). Thereafter, the case should be returned to the Board, if in order. The Board intimates no opinion as to the ultimate outcome of this case. The appellant need take no action unless otherwise notified.

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).